Under the statute both parties to an action need not demand a jury in order to secure the rights of both thereto.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Arthur Elmore against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

E. V. R. Ketchum, for appellant.

Henry J. Smith, for respondent.

PER CURIAM. The statute does not require both parties to demand a jury in order to secure the rights of both thereto. The record herein does not show that the plaintiff waived a jury at any stage of the case. Under the circumstances disclosed, it was error for the learned justice to proceed to trial without a jury. The legal rights of the parties are correctly stated in Sherwood v. N. Y. Telephone Co., 46 Misc. 102, 91 N. Y. Supp. 387.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

DUGRO, J., took no part.

---

## AMERICAN STRUCTURAL STEEL CO. v. RUSH.

(Supreme Court, Appellate Term. November 14, 1906.)

DAMAGES—BREACH OF AGREEMENT—NOMINAL DAMAGES.

One suing for a breach of an agreement entered into on a compromise of a substantial controversy between the parties is, in the absence of evidence of substantial damages, entitled to nominal damages.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 31.]

Dowling, J., dissenting.

Appeal from City Court of New York.

Action by the American Structural Steel Company against Myron C. Rush. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Merrill & Rogers, for appellant.

James W. Ridgway, for respondent.

PER CURIAM. It seems that the contract, upon a breach of which the action is based, was entered into for a sufficient consideration. The defendant agreed, among other things, to retain counsel, and plaintiff agreed to abide by the result of the action in the way in which the contract specifies. The parties had a substantial controversy. It was as to whether the $500 was due. It was compromised by the making of the agreement in question. There may well be a question as to whether there was evidence of substantial damages, but certainly nominal damages were recoverable, and in the interests of justice the judgment will be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

DOWLING, J., dissents.